Zachary R. FADEM, Richard Jastremski, Gordon Kaiser, John H. Artrip, John M. Callahan, Richard Miller, Ellen Miller and Seymour Shapiro, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

Robert H. Blailock and Robert A. Porter Jr., Plaintiffs,

v.

FORD MOTOR CO., Jacques Nasser and Henry D.G. Wallace, Defendants–Appellees.

No. 05–0856.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Christopher Lovell (Gary S. Jacobson, Frederick W. Gerkens III, Ian T. Stoll, Fei–Lu Qian, Lovell Stewart Halebian LLP, New York, NY; Jules Brody, Melissa Emeritt, Aaron L. Brody, Stull, Stull & Brody, New York, NY, on the brief), Lovell Stewart Halebian LLP, New York, NY, for Appellants.

Stuart J. Baskin (Jerome S. Fortinsky, John D. Roesser, Brendan N. Snodgrass, on the brief), Shearman & Sterling LLP, New York, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES Circuit Judges, and RICHARD M. BERMAN * District Judge.

SUMMARY ORDER

Plaintiffs, who are current or former shareholders of the Ford Motor Company ("Ford"), brought this putative class action against Ford and two of its former officers, alleging that defendants committed securities fraud by making misrepresentations and omissions concerning Ford's acquisition of futures and forward contracts for the procurement of palladium, a precious metal used in the manufacture of catalytic converters for automobiles. Plaintiffs alleged two claims: the first against all defendants for securities fraud in violation of section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder, and the second against the officers for controlling person liability pursuant to section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

Defendants moved to dismiss the complaint, contending that plaintiffs had failed to plead securities fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and 15 U.S.C. § 78u–4(b). The District Court granted defendants' motion, but provided plaintiffs leave to amend their complaint. *See Fadem v. Ford Motor Co.*, No. 02 Civ. 0680, 2003 WL 22227961, at *9, 2003 WL 22227961

---

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

(S.D.N.Y. Sept. 25, 2003) (*"Fadem I"*). Plaintiffs then filed their First Amended Consolidated Class Action Complaint for Violations of Federal Securities Law ("amended complaint"), which the defendants moved to dismiss. Determining that plaintiffs had failed to cure the deficiencies of their original complaint, the District Court granted the motion to dismiss the amended complaint with prejudice. *See Fadem v. Ford Motor Co.,* 352 F.Supp.2d 501, 526 (S.D.N.Y.2005) (*"Fadem II"*). The District Court specifically concluded that plaintiffs had failed to allege with particularity a material misrepresentation or omission, on the one hand, or the requisite scienter, on the other hand. *See id.* at 505–26.

On appeal, plaintiffs contend that the District Court erred in dismissing their amended complaint because they properly pleaded securities fraud with respect to the following alleged misrepresentations or omissions related to Ford's use of derivative instruments to obtain palladium: (1) failing to disclose the objectives, strategies and risks with respect to the instruments; (2) representing that Ford used the instruments to "offset price risks"; (3) violating accounting disclosure requirements; (4) purporting to manage financial exposures; and (5) claiming not to engage in speculation.

Upon *de novo* review, *see Lentell v. Merrill Lynch & Co. Inc.,* 396 F.3d 161, 167 (2d Cir.2005), we conclude, substantially for the reasons set forth in the District Court's thoughtful and comprehensive opinions, *see Fadem II,* 352 F.Supp.2d at 505–26; *Fadem I,* 2003 WL 22227961, at *1–*9, that the amended complaint was properly dismissed for failure to plead with particularity that defendants made any material misrepresentation or omission with scienter.

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.